IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01605-BNB
(**The above civil action number must appear on all future papers sent to the Court in this action.  Failure to include this number may result in a delay in the consideration of your claims.**)

MICHAEL D. MONTGOMERY,

    Applicant,

v.

UNITED STATES OF AMERICA,

    Respondent.

---

ORDER DIRECTING APPLICANT TO CURE DEFICIENCIES AND SHOW CAUSE

---

Applicant, Michael D. Montgomery, is a prisoner in the custody of the Federal Bureau of Prisons (BOP) who currently is incarcerated at the Federal Correctional Institution in Englewood, Colorado.

Mr. Montgomery has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF No. 3), neither of which is on the Court-approved form.  He is challenging the validity of his conviction and sentence.

As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that the submitted documents are deficient as described in this order. Applicant will be directed to cure the following if he wishes to pursue any claims in this Court in this action.  Any papers that Applicant files in response to this order must

include the civil action number on this order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1) ___ is not submitted
(2) ___ is missing affidavit
(3) ___ is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4) _X_ is missing certificate showing current balance in prison account
(5) ___ is missing required financial information
(6) ___ is missing an original signature by the prisoner
(7) _X_ is not on proper form (must use the Court's current form)
(8) ___ names in caption do not match names in caption of complaint, petition or habeas application
(9) _X_ other: § 1915 motion and affidavit and certificate showing current balance in prison account only are necessary if $5.00 filing fee is not paid in advance

**Complaint, Petition or Application**:
(10) ___ is not submitted
(11) _X_ is not on proper form
(12) ___ is missing an original signature by the prisoner
(13) ___ is missing page nos. ___
(14) ___ uses et al. instead of listing all parties in caption
(15) ___ names in caption do not match names in text
(16) ___ addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application
(17) _X_ other:  The only proper Respondent in a habeas corpus action is Applicant's current warden, superintendent, jailer or other custodian.  The United States of America is not a proper party to this action.

The Court must construe the habeas corpus application liberally because Mr. Montgomery is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  The Court may take judicial notice of its own records and files that are part of the Court's public records.  *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979).  For the reasons stated below, Mr. Montgomery will be ordered to show cause why the action should not be dismissed.

Mr. Montgomery agreed to plead guilty in the United States District Court for the Western District of Washington (Tacoma) (District of Washington) to wire fraud in violation of 18 U.S.C. § 1343 and filing a false tax return in violation of 21 U.S.C. § 7206(1), was sentenced to sixty months in prison and three years of supervised release, and ordered to make restitution in an amount to be determined. *See United States v. Montgomery*, No. 11-cr-05156-RJB-001 (W.D. Wash. Dec. 27, 2012). The judgment was entered on the docket on December 27, 2012. *See* ECF No. 89 in No. 11-cr-05156-RJB-001. The amended judgment entered on the docket on January 25, 2013, *see* ECF No. 94 in No. 11-cr-05156-RJB-001, ordered restitution in the amount of $995,811.00. Mr. Montgomery did not appeal directly from the judgment of conviction and the sentence.

On December 12, 2013, Applicant filed in No. 11-cr-05156-RJB-001 a motion titled "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 98), which the Western District of Washington denied on February 6, 2014, with prejudice. *See* ECF No. 100. On April 14, 2014, he filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in the sentencing court titled "Motion to Reverse Punishment Order Dismiss Indictment With Prejudice as Void From Want of Jurisdiction of the District Court F. R. Cv. P. 12(b)(1)(2) & (4)" (ECF No. 101), which the sentencing court on April 21, 2014, construed as a second or successive § 2255 motion, determined it was without jurisdiction to hear it, and transferred the § 2255 motion to the United States Court of Appeals for the Ninth Circuit (Ninth Circuit) for an order authorizing the sentencing court to consider the successive motion. *See* ECF No. 102. The Ninth Circuit denied

3

authorization.

As noted above, Mr. Montgomery is challenging the validity of his conviction and sentence in this habeas corpus action. He specifically challenges his neuropsychological incompetence to stand trial (claim one) and the failure to raise his neuropsychological evaluation in the indictment, guilty plea, or at sentencing (claim two). The purposes of an application for a writ of habeas corpus pursuant to § 2241 and a motion pursuant to § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity" and "[a] 28 U.S.C. § 2255 petition attacks the legality of detention." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). A habeas corpus petition pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). Instead, "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965); *see* 28 U.S.C. § 2255(e).

Mr. Montgomery bears the burden of demonstrating that the remedy available pursuant to § 2255 is inadequate or ineffective. *See Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011). This burden is not easily satisfied because "[o]nly in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed." *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (noting that the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited

circumstances"). The test for determining whether the remedy provided in the sentencing court pursuant to § 2255 is inadequate or ineffective is whether Mr. Montgomery's claim could have been raised in an initial § 2255 motion. *See Prost*, 636 F.3d at 584. "If the answer is yes, then the petitioner may not resort to the savings clause [in § 2255(e)] and § 2241." *Id.*

Mr. Montgomery fails to demonstrate that the remedy available to him pursuant to § 2255 in the sentencing court is inadequate or ineffective. The fact that Mr. Montgomery may be barred from filing a second or successive § 2255 motion in the sentencing court is not enough, by itself, to demonstrate the remedy provided in § 2255 is inadequate or ineffective. *See Caravalho*, 177 F.3d at 1178; *see also Bradshaw*, 86 F.3d at 166. Therefore, Mr. Montgomery will be ordered to show cause why this action should not be denied because he has an adequate and effective remedy pursuant to § 2255 in the sentencing court.

Accordingly, it is

ORDERED that Applicant, Michael D. Montgomery, cure the deficiencies designated above **within thirty (30) days from the date of this order**. Any papers that Applicant files in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that Applicant show cause in writing **within thirty (30) days from the date of this order** why the habeas corpus application pursuant to 28 U.S.C. § 2241 should not be denied because he has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the United States District Court for the Western District

of Washington, the sentencing court. It is

FURTHER ORDERED that if Mr. Montgomery fails to cure the designated deficiencies and show good cause within the time allowed, the application will be denied and the action will be dismissed without further notice.

DATED June 9, 2014, at Denver, Colorado.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge