IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01605-BNB

MICHAEL D. MONTGOMERY,

    Applicant,

v.

DEBORAH DENHAM, Warden,

    Respondent.

___

ORDER OF DISMISSAL

___

Applicant, Michael D. Montgomery, is a prisoner in the custody of the Federal Bureau of Prisons (BOP) at the Federal Correctional Institutional in Littleton, Colorado. He filed *pro se* on June 19, 2014, an amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 6). He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

On June 20, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 8) directing Respondent to file a preliminary response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intended to raise that defense in this action. On July 11, 2014, Respondent filed a preliminary response (ECF No. 13). On July 21, 2014, Mr. Montgomery filed a reply (ECF No. 14) to the preliminary response.

The Court must construe liberally the filings of Mr. Montgomery because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an

advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the amended habeas corpus application and dismiss the action.

Mr. Montgomery pleaded guilty in the United States District Court for the Western District of Washington (Tacoma) to wire fraud and filing a false tax return in violation of 18 U.S.C. § 1343 and 21 U.S.C. § 7206(1). ECF No. 6 at 2, ECF No. 13, ex. 1 (Declaration of Theresa Montoya) at 2. He was sentenced to sixty months in prison followed by three years of supervised release. ECF No. 6 at 2, ECF No. 13, ex. 1 at 2. He has a projected release date of May 3, 2017, via good-conduct-time release. ECF No. 6 at 2. He asserts four claims that cumulatively contend the BOP should release him to home detention so that he can receive the care and therapy he alleges he needs. ECF No. 6 at 7. Respondent argues that the application should be dismissed for failure to exhaust administrative remedies before seeking federal habeas corpus relief.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). The exhaustion requirement is satisfied through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (discussing exhaustion of administrative remedies in the context of 42 U.S.C. § 1997e(a)). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because he adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

The BOP administrative remedy procedure is available to federal prisoners such as Mr. Montgomery. *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy

procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally (BP-8) and then completing all three formal steps by filing an administrative remedy request with institution staff (BP-9) as well as regional and national appeals (BP-10 and BP-11). *See* 28 C.F.R. §§ 542.13 - 542.15. Inmate appeals must be accompanied by copies of their administrative filings and responses at lower levels. *See* 28 C.F.R. § 542.15(b)(1).

An inmate has twenty days to appeal to the appropriate regional director and thirty days to file a national appeal to the BOP Central Office after receiving a response at the preceding level. "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18. "An inmate may not raise in an Appeal issues not raised in the lower level filings." 28 C.F.R. § 542.15(b)(2). An inmate also "may not combine Appeals of separate lower level responses (different case numbers) into a single Appeal." *Id.*

If an inmate fails to comply with the procedural requirements of the administrative remedy process, a request may be rejected at any stage of the process. 28 C.F.R. § 542.17(a). When a submission is rejected, the inmate is provided with a written notice as to the reason for rejection, and if the defect is correctable, a reasonable extension of time to correct the defect and resubmit the appeal. 28 C.F.R. § 542.17(b). If an appeal is rejected and the inmate is not given an opportunity to correct the defect, the inmate may appeal the rejection to the next appeal level. 28 C.F.R. § 542.17(c). The coordinator at the next appeal level may affirm the rejection, direct it to be submitted at

the lower level, or accept it for filing. *Id.*

Although failure to exhaust may be excused in rare cases in which an applicant demonstrates that exhaustion would be futile, *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010), or that irreparable harm would otherwise result, *Steck v. Chester*, 393 F. App'x 558, 560 (10th Cir. 2010), Mr. Montgomery has not made factual allegations to show such a circumstance. In the application, he alleges that in 2010 he was in an accident and suffered brain damage and cognitive impairment. In the reply, he contends his medical issues cannot wait the months or years--he estimates two years-- required for completion of the administrative remedy process. He maintains he requires medical care beyond the capability of his current prison facility, and recently has been diagnosed with further cerebral impairment, possibly tumor related.

The Court cannot excuse Mr. Montgomery's failure to exhaust based upon his belief the exhaustion process is futile because (1) he thinks it takes too long to complete, and (2) he may be irreparably harmed for reasons he fails to support with factual allegations if he is not released to home detention. Moreover, a prisoner may not exhaust "administrative remedies by, in essence, failing to employ them." *Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002).

Mr. Montgomery has not exhausted BOP administrative remedies before seeking federal court intervention through the instant habeas corpus application, and fails to demonstrate he should be excused from exhausting administrative remedies because exhaustion is futile. The application will be dismissed for failure to exhaust.

Mr. Montgomery's assertion that he has health concerns requiring medical attention appear to constitute a conditions-of-confinement claim. "The essence of

habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions under § 2241 are used to attack the execution of a sentence, . . . [while] § 2254 habeas and § 2255 proceedings, . . . are used to collaterally attack the validity of a conviction and sentence."); *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (discussing distinction between habeas corpus claims pursuant to § 2241 and conditions of confinement claims raised in civil rights actions). "It is well-settled that prisoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits filed pursuant to 42 U.S.C. § 1983 or *Bivens [v. Six Unknown Named Agents*, 403 U.S. 388 (1971),] . . . – not through federal habeas proceedings." *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011). If Mr. Montgomery wishes to challenge the medical treatment he is or is not receiving, he may do so by filing a separate *Bivens* action.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Montgomery files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the amended habeas corpus application is denied and the action dismissed without prejudice for failure to exhaust administrative remedies. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this   12th   day of    August    , 2014.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court